UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGINIA VIRTS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA,<br><br>and<br><br>RITE AID CORPORATION LONG TERM DISABILITY PLAN,<br><br>    Defendants. | Civil Action No. 13-320 (JDB) |

## MEMORANDUM OPINION

Plaintiff Virginia Virts has sued the Prudential Life Insurance Company of America and Rite Aid Corporation Long Term Disability Plan ("the Plan") pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. Prudential is the claims administrator and insurer of the Plan. Virts, who formerly worked as a Rite Aid store manager, challenges the termination by Prudential of her long-term disability benefits under the Plan. Prudential has moved to transfer the case from the District of the District of Columbia to either the District of New Jersey or the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a), arguing that these venues provide a more convenient forum for the litigation. For the reasons explained below, the Court will grant Prudential's motion to transfer this case to the United States District Court for the District of New Jersey.

## BACKGROUND

1

Virts was working for Rite Aid as a store manager in 2009 when she became disabled. See Compl. [Docket Entry 1] ¶ 11 (Mar. 12, 2013). She received long-term disability benefits under the Plan until November 2011, at which time Prudential, as the Plan's claims administrator, terminated her benefits. See id. ¶ 12. After her administrative appeals were denied, Virts filed this action seeking to clarify rights to past and future benefits under the Plan. See id. ¶¶ 4, 18. She also alleges that Prudential and the Plan improperly withheld certain documents during the benefit appeals process. See id. ¶ 21.

Virts served process on Prudential and on the Plan in the District of Columbia. Prudential then filed a motion pursuant to 28 U.S.C. § 1404(a) to transfer venue to either the Eastern District of North Carolina, where Virts lives, see Compl. ¶ 5, or to the District of New Jersey, where Prudential is incorporated and has its principal place of business. See Def.'s Mot. to Transfer [Docket Entry 5] at 1 (Apr. 3, 2013). The Plan is administered in Pennsylvania. See id. at 2. Virts opposes Prudential's motion, and the Plan has taken no position on the transfer.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1404(a), a party may move to transfer a civil action from one appropriate venue to another venue where the action "might have been brought" for the "convenience of parties and witnesses" and in "the interest of justice." To transfer a case, the transferor court must find that the intended transferee court has personal jurisdiction and is an appropriate venue. See Relf v. Gasch, 511 F.2d 804, 807 (D.C. Cir. 1975) ("Venue must be proper in the transferee district; in addition, the defendants must be subject to the process of the federal court in the transferee district. . . ." (footnote omitted)). "In cases involving multiple defendants . . . all defendants must have been subject to process in the transferee court before the

case can be transferred." Levin v. Majestik Surface Corp., 654 F. Supp. 2d 12, 15 (D.D.C. 2009) (citing Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960)).

ERISA permits nationwide service of process in "any . . . district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2); see Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1210 (10th Cir. 2000) ("There is no question that the last clause of § 1132(e)(2) authorizes nationwide service of process."). Service of process in turn establishes personal jurisdiction, see Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 942 (11th Cir. 1997) ("When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction."), so long as Fifth Amendment due process is satisfied by the defendant's having minimum contacts with the United States as a whole, see Med. Mut. of Ohio v. deSoto, 245 F.3d 561, 567-68 (6th Cir. 2001); Lorelei Corp. v. Cnty. of Guadalupe, 940 F.2d 717, 719-20 (1st Cir. 1991) (per curiam); Flynn v. Ohio Bldg. Restoration Inc., 260 F. Supp. 2d 156, 171-72 (D.D.C. 2003).

Venue, in turn, is appropriate for an ERISA claim, "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). A corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

The decision whether to transfer pursuant to § 1404(a) is within the broad discretion of the district court and depends on a case-by-case analysis. See Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). Convenience and the "interest of justice" are incorporated into a set of private and public interest factors that guide the Court's analysis. See, e.g., Gipson v. Wells Fargo & Co., 563 F. Supp. 2d 149, 156-57 (D.D.C. 2008). The burden lies with the moving party to

establish that the proposed venue for transfer is appropriate. See, e.g., SEC v. Savoy Indus., Inc., 587 F.2d 1149, 1154 (D.C. Cir. 1978).

## DISCUSSION

As a preliminary matter, although Prudential moved for transfer to either the Eastern District of North Carolina or the District of New Jersey, the Court will consider only the motion to transfer to New Jersey—no party has expressed a preference between the two venues, and Prudential offers less support for the convenience of North Carolina than for that of New Jersey.

The parties do not dispute that the case could have been brought in the District of Columbia or New Jersey, and with good reason.[1] Virts properly served process on Prudential and on the Plan in the District of Columbia. Valid service of process on defendants in the District of Columbia pursuant to the nationwide service of process provision confers personal jurisdiction over Prudential and the Plan in other federal courts as well, including in the District of New Jersey. See Med. Mut. of Ohio, 245 F.3d at 567 ("Congress has the power to confer nationwide personal jurisdiction; and we hold that it conferred such jurisdiction under § 1132(e)(2) . . . ."); see also Ohio Bldg. Restoration, 260 F. Supp. 2d at 171-72 ("Where Congress has authorized nationwide service of process, a federal court may exercise personal jurisdiction over any United States resident, without regard to whether its sister state court could assert jurisdiction under minimum contacts principles." (internal quotation marks omitted)).

A § 1404(a) transfer is valid if (1) venue is appropriate in the district from which the transfer is sought; (2) venue is appropriate in the district to which venue is sought; and (3) the convenience of the parties, witnesses, and "the interest of justice" are satisfied per the private and public interest factors. See, e.g., Gipson, 563 F. Supp. 2d at 156. Venue in an ERISA suit is

---

[1] Although Prudential initially argued that venue is improper in the District, it withdrew that suggestion in its reply brief. See Def.'s Reply [Docket Entry 12] at 1 (Apr. 29, 2013) ("There is no question that this case can be litigated in the District of Columbia.").

4

appropriate "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The ERISA venue statute specifies that only "a defendant" need satisfy the statute for a proposed venue to be appropriate. 29 U.S.C. § 1132(e)(2) ("where a defendant resides or may be found" (emphasis added)); see also Varsic v. U.S. Dist. Court, 607 F.2d 245, 248 (9th Cir. 1979) (Congress "clearly struck the balance in favor of liberal venue").

Venue is appropriate in the proposed District of New Jersey because Prudential "resides" there as a New Jersey corporation with its principal place of business in Newark. See 28 U.S.C. § 1391(c)(2) (defining corporate residency "[f]or all venue purposes" as where the corporation is subject to a court's personal jurisdiction); see also J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2787 (2011) ("incorporation or principal place of business for corporations . . . indicates general submission to a State's powers" through personal jurisdiction). Because Prudential resides in New Jersey, venue is appropriate in the District of New Jersey for this action. See 29 U.S.C. § 1132(e)(2).

Turning to the convenience of parties and witnesses and the interest of justice, the Court will consider whether private and public interests support transferring the case to New Jersey.

> The private interest considerations include: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.

Gipson, 563 F. Supp. 2d at 156-57 (internal quotation marks omitted).

### I. Private Interest Factors

### a. Plaintiff's Choice of Forum

In ERISA cases, a plaintiff's choice of forum usually receives "special weight" in a § 1404(a) transfer analysis. See Flynn v. Veazey Constr. Corp., 310 F. Supp. 2d 186, 193 (D.D.C. 2004). This is especially true if the plaintiff has chosen the venue where the plan is administered. See, e.g., Holland v. ACL Transp. Servs., LLC, 815 F. Supp. 2d 46, 57 (D.D.C. 2011) (suggesting "heightened" deference when a plan is administered in plaintiff's chosen forum). But "this deference is not absolute." Gipson, 563 F. Supp. 2d at 157. If the plaintiff's selected forum has "no meaningful ties to the controversy," that selection is given "diminished consideration." Sheldon v. Nat'l R.R. Passenger Corp., 355 F. Supp. 2d 174, 178 (D.D.C. 2005). Thus, the weight of plaintiff's choice is weakened when administration of the ERISA plan in question occurs outside the forum. See Campbell v. Consol. Bldg. Specialties, 683 F. Supp. 271, 273 (D.D.C. 1987) (granting motion to transfer ERISA case where administration took place outside the district). Deference is further reduced when the chosen forum is not the plaintiff's home district. See Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (giving "substantially less deference" when plaintiff brought suit outside his home forum).

In this case, Virts' choice of forum warrants little special weight. All of the meaningful events happened outside the District of Columbia. Her initial claim for benefits arose in New York, see Def.'s Reply [Docket Entry 12] at 3 (Apr. 29, 2013), the Plan is not administered in the District, and Virts currently resides in North Carolina, see Compl. ¶ 5. Virts' only asserted tie to the District of Columbia area is the location of her counsel. See Pl.'s Opp'n to Mot. to Transfer [Docket Entry 8] at 11 (Apr. 18, 2013) ("Pl.'s Opp'n").[2] But "[t]he location of counsel

---

[2] Indeed, Virts focuses almost exclusively on the convenience of the attorneys—rather than the parties—in her convenience analysis. See Pl.'s Opp'n at 11 ("Moreover, Prudential's lead counsel claiming inconvenience is based in Illinois which is not a chosen or claimed jurisdiction

6

carries little, if any, weight in an analysis under § 1404(a)." Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 324 (D.D.C. 1991). Given these facts, Virts' choice of forum receives diminished consideration.

### b. Defendant's Choice of Forum

While Virts has no connection with the District of Columbia other than her counsel, Prudential has a strong connection to its chosen forum, New Jersey. Its principal place of business is there. A defendant's principal place of business in the transferee venue is a "legitimate reason[]" for granting a § 1404(a) motion. See Bergmann v. Dep't of Transp., 710 F. Supp. 2d 65, 74 (D.D.C. 2010). In addition, the weight of a defendant's choice of forum may be strengthened when the weight of the plaintiff's choice is comparatively weak. See Turner & Newall, PLC v. Canadian Universal Ins. Co., 652 F. Supp. 1308, 1310 (D.D.C. 1987) ("the presumption [in favor of a plaintiff's choice of forum] may switch to defendants' favor in the District of Columbia when neither party resides in the chosen forum and the cause of action arises elsewhere"). This is not a case where transfer will "merely shift the balance of inconvenience from Defendant to Plaintiff." See Int'l Painters & Allied Trades Indus. Pension Fund v. Tri-State Interiors, Inc., 357 F. Supp. 2d 54, 58 (D.D.C. 2004) (internal quotation marks omitted). Rather, transfer reduces net inconvenience, and this factor thus weighs in favors of transfer.

### c. Where the Claim Arose

Virts' claim arose neither in the District of Columbia, nor in New Jersey. See Def.'s Reply at 3 (arguing that claim arose in New York, where plaintiff's disability claim originated); see also Gipson, 563 F. Supp. 2d at 158 (some ERISA claims arise where the plan is

---

for this case. It remains unknown how this counsel does not remain inconvenienced by the same factors he professes." (footnote omitted)).

7

administered, which here is Pennsylvania). Accordingly, this factor does not impact the § 1404(a) analysis.

### d. The Convenience of the Parties

New Jersey is a more convenient location for Prudential. Its headquarters are located there and staff key to the challenged decision are located in nearby Pennsylvania. See Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 593 (E.D. Va. 1992) (transferring to District of New Jersey because of factors "in New Jersey or its environs").

Virts has not argued that New Jersey would be inconvenient for her (rather than for her counsel). While she would have to travel farther to New Jersey and this Court considers "potential travel cost and lost work impact," Gipson, 563 F. Supp. 2d at 159, her decision to file originally in the District of Columbia—meaning that she already subjected herself to possible travel costs and missed work by leaving her home forum of North Carolina—lessens this concern. See Treppel v. Reason, 793 F. Supp. 2d 429, 437 (D.D.C. 2011) (granting a defendant's motion to transfer in part because the plaintiff "made clear [his] willingness to forego the convenience of a geographically nearby forum" (alteration in original) (internal quotation marks omitted)). Because Virts has not demonstrated any inconvenience in traveling the additional distance to New Jersey, and that forum is clearly more convenient for Prudential, this factor also favors Prudential.

### e. The Convenience of Witnesses

Neither party provides the Court with names and locations of witnesses it would intend to call, and both anticipate a proceeding likely based only on the administrative record. See Pl.'s Opp'n at 4; Def.'s Reply at 3 n.1. Accordingly, the Court has no basis on which to evaluate this factor, nor is it likely to become relevant in this case. See Bd. of Trs., Sheet Metal Workers Nat'l

Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1258 (E.D. Va. 1988) ("influence of this factor cannot be assessed in the absence of reliable information identifying the witnesses involved").

### f. Ease of Access to the Sources of Proof

To the extent that access to sources of proof is still significant in the Internet age, see, e.g., Holland, 815 F. Supp. 2d at 58 ("the location of documents has been made increasingly insignificant by the availability of electronic discovery"), this factor minutely aids Prudential. The documentation on the termination of Virts' benefits is located in New Jersey or in Pennsylvania. See Def.'s Reply at 3. Given that Virts has not pointed to any evidence that can be found in the District of Columbia, this factor provides marginal support to Prudential's motion.

### B. Public Interest Factors

#### a. Transferee's Familiarity with the Governing Laws

ERISA is a statute frequently at the heart of litigation; both the District of Columbia and the District of New Jersey are familiar with its scope and nuance, and "[a]ll district courts are presumed to be equally adept at applying federal law." Sheffer v. Novartis Pharm. Corp., 873 F. Supp. 2d 371, 379 (D.D.C. 2012). While some more complex aspects of ERISA could argue against transfer so as to ensure uniform interpretation, see Int'l Painters & Allied Trades Indus. Pension Fund, 357 F. Supp. 2d at 58 ("the interest of justice suggests that this matter remain in the District of Columbia for adjudication because subjecting pension funds to uniform interpretation of the complex ERISA laws is vital to the efficient administration of such funds"), a hearing based on the administrative record to determine a single claimant's benefits does not fit that bill. Given that the parties have not raised any serious concerns regarding the District of

Columbia or New Jersey's familiarity with ERISA suits in this context, this factor does not impact the analysis.

### b. Relative Congestion of the Courts

Although neither party has demonstrated that one forum faces congestion that could impede a speedy trial or proceeding, "the Court may consider undisputed facts outside the pleadings when deciding a motion to transfer." Sheffer, 873 F. Supp. 2d at 380 (citation omitted). This factor can be analyzed by considering the median interval times from filing to disposition or trial. See Pueblo v. Nat'l Indian Gaming Comm'n, 731 F. Supp. 2d 36, 40 n.2 (D.D.C. 2010). Both approaches favor the District of New Jersey. If the case ends without trial, this district averages a disposition time of 9.7 months, while the District of New Jersey averages a disposition time of 3.7 months.[3] If the case does proceed to trial, this district averages a disposition time of 50.3 months, while the District of New Jersey averages a disposition time of 32.3 months.[4] Thus, while the parties did not raise the issue, this Court takes notice of the fact that the District of Columbia courts face more congestion than those of the District of New Jersey, a fact that slightly supports Prudential's motion to transfer.

### c. Local Interests in Deciding Local Controversies

This case does not contain a relevant local interest or local controversy. Neither proposed venue is where the Plan is administered. See Holland, 815 F. Supp. 2d at 60 (rejecting transfer because of local interest in administration and uniformity of a trust administered in the District of Columbia). And the parties have offered no indication that either venue has a higher number of

---

[3] Admin. Office of the U.S. Courts, Table C-5: U.S. District Courts—Median Time Intervals from Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending December 31, 2012, http://www.uscourts.gov/uscourts/Statistics/StatisticalTablesForTheFederalJudiciary/2012/december/C05Dec12.pdf.
[4] Id.

participants under the Plan. See Gipson, 563 F. Supp. 2d at 159 (local interest for the District of Minnesota when second highest number of plan participants lived in the state).

To be sure, the difference between the District of Columbia and the District of New Jersey as possible venues is not great. Neither is where the Plan is administered. The anticipated proceeding will likely be based on the record in any event. While slightly more administrative proof is available in New Jersey and its courts are slightly less congested, these differences are small and their significance is low. Still, New Jersey is at least a somewhat more convenient forum. And Virts' argument against transfer focuses overwhelmingly on the validity of venue in the District of Columbia, the primacy of her choice of venue in the factor analysis, and the locations of the various attorneys. The first of these concerns is conceded by her opponent, the second is discounted, and the third receives little, if any, weight. She has hence failed to persuade the Court to retain the case in this less convenient venue.

## CONCLUSION

For the foregoing reasons, the Court will transfer this action to the United States District Court for the District of New Jersey. A separate order will be issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: June 18, 2013